UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

DONNIE HOLLAND,
a citizen and resident of North Carolina,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DONNIE HOLLAND, a citizen and resident of the State of North Carolina, sues Defendant CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Florida doing business as CARNIVAL CRUISE LINES, and alleges:

## JURISDICTION, VENUE AND PARTIES

1.    This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.    Plaintiff DONNIE HOLLAND is sui juris and is a resident and citizen of the State of North Carolina.

3.    Defendant CARNIVAL CORPORATION, a Panamanian Corporation doing business as CARNIVAL CRUISE LINES (CARNIVAL) with its principal place of business in Miami, Miami-Dade County, Florida. Carnival is therefore a citizen both of Panama and of Florida for purposes of this action.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, based on diversity of citizenship. The Plaintiff is a citizen and resident of the State of North Carolina, while the Defendant is deemed a citizen of Florida and of Panama for federal jurisdictional purposes, so there is complete diversity of citizenship between the parties. The amount in controversy exceeds $75,000.00, the minimum jurisdictional amount for diversity cases. The damages and injuries alleged in Paragraphs 13 and 14 support an award of damages in excess of $75,000.00.

5. At all material times, Defendant Carnival has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, Carnival has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, Carnival requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because Carnival's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action, including providing the Defendant a timely written notice of claim on May 28th 2019 as required by the ticket contract. Further, the Defendant acknowledged receipt of the Notice.

## **LIABILITY AND DAMAGE ALLEGATIONS**

## **COMMON TO ALL COUNTS**

10. At all material times, Defendant Carnival was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "HORIZON."

11. At all material times, Defendant Carnival operated, managed, maintained and was in exclusive control of the HORIZON.

12. At all material times, including the injury date of May 11TH 2019, the Plaintiff was a fare paying passenger aboard the "HORIZON" and in that capacity was lawfully present aboard the vessel.

13. On May 11th 2019, while the Plaintiff was onboard the "HORIZON" as a fare paying passenger, he was descending the glass stairs from Deck 5 to Deck 4 when he slipped on a wet or slippery transient foreign substance. The Plaintiff thereby slipped, fell and sustained serious injuries, including a complete rupture of the right knee patella tendon and an avulsion fracture of the tibial tubercle necessitating open surgical repair and extensive physical therapy.

14. As a direct and proximate result of the fall described in the preceding paragraph, the Plaintiff was injured in and about his body and extremities, including a complete rupture of the right knee patella tendon and a avulsion fracture of the tibial tubercle necessitating open surgical repair and extensive physical therapy and suffered pain therefrom, and sustained mental anguish, disfigurement, disability and the inability to lead a normal life. Furthermore, he incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of his injuries. The Plaintiff has suffered lost wages and benefits in the past. In addition, because of his injuries he was not able to pass his physical skills test to continue in his chosen

profession and was forced to take an early retirement resulting in a loss of future earnings and a reduction in his overall benefits and his retirement benefits. He has also sustained activation or aggravation of preexisting injuries. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE
## (VICARIOUS LIABILITY)

15. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

16. At all material times Defendant Carnival owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for his safety.

17. At all material times Defendant Carnival was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers onboard the "HORIZON" while those crewmembers were acting or failing to act in furtherance of the business of the vessel.

18. At all material times there existed a hazardous condition on the glass stairs from the 5th deck to the 4th deck of the "HORIZON" to-wit: water or a wet or slippery transient substance on the stairs.

19. At all material times, the hazardous substance referred to in the preceding paragraph was in a high traffic area, the glass stairs, regularly traversed by large numbers of passengers and crewmembers on board the vessel.

20. At all material times, the hazardous substance on the glass stairs referred to above had existed for a long enough period of time that Carnival crewmembers responsible for maintenance on the vessel should have detected it, so that Carnival through crewmembers acting

in furtherance of the vessel's business had constructive knowledge of the presence of the substance and the hazard it posed.

21. As an alternative to the allegations in the preceding paragraph, at all material times the hazard referred to above, a wet or slippery transient substance on the glass stairs recurred so frequently and regularly, both on Carnival vessels in general and on the "HORIZON" in particular, that Carnival crewmembers responsible for maintenance on the vessel should have been alerted to its potential presence and detected it during routine inspection and maintenance, so that Carnival through crewmembers acting in furtherance of the vessel's business had constructive knowledge of the presence of the substance and the hazard it posed.

22. As an alternative to the allegations in the preceding two paragraphs, at all material times Carnival through its crewmembers acting in furtherance of the vessel's business had actual knowledge of the presence of the hazardous wet or slippery substance on the glass stairs and the hazard it posed.

23. Notwithstanding the actual or constructive knowledge of Carnival and its crewmembers alleged above, Carnival crewmembers on board the "HORIZON" responsible for maintenance of the vessel failed to detect or correct the hazardous condition of the glass stairs before the Plaintiff slipped and fell as alleged in Paragraph 13 above.

24. The specific acts of negligence of Carnival crewmembers responsible for maintenance of the glass stairs included failure to conduct sufficient routine inspections of the area to detect and correct hazards; failure to maintain the glass stairs in a reasonably safe condition; failure to properly clean and dry the glass stairs; and failure to use safe stair surfaces and/or anti–skid material.  Since these acts and omissions are acts and omissions of Carnival

5

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

crewmembers acting in furtherance of the vessel's business, maintenance of the vessel, Carnival is vicariously liable for these negligent acts and omissions by its crewmembers.

25. As a direct and proximate result of the negligence of Carnival crewmembers described above, for which Carnival is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14.

**WHEREFORE,** the Plaintiff demands judgment against Carnival for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II - NEGLIGENT FAILURE TO CORRECT HAZARD
## (VICARIOUS LIABILITY)

26. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

27. At all material times Defendant Carnival owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for his safety.

28. At all material times Defendant Carnival was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers onboard the "HORIZON" while those crewmembers were acting or failing to act in furtherance of the business of the vessel.

29. At all material times there existed a hazardous condition on the glass stairs of the "HORIZON" to-wit: water or a wet or slippery transient substance on the glass stairs.

30. At all material times, the hazardous substance referred to in the preceding paragraph was in a high traffic area, the glass stairs, regularly traversed by large numbers of passengers and crewmembers on board the vessel.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

31. At all material times, the hazardous substance on the glass stairs referred to above had existed for a long enough period of time that Carnival crewmembers responsible for maintenance on the vessel should have detected and corrected it, so that Carnival through crewmembers acting in furtherance of the vessel's business had constructive knowledge of the presence of the substance and the hazard it posed.

32. As an alternative to the allegations in the preceding paragraph, at all material times the hazard referred to above, a wet or slippery transient substance on the glass stairs, recurred so frequently and regularly, both on Carnival vessels in general and on the "HORIZON" in particular, that Carnival crewmembers responsible for maintenance on the vessel should have been alert to its potential presence and detected and corrected it during routine inspection and maintenance, so that Carnival through crewmembers acting in furtherance of the vessel's business had constructive knowledge of the presence of the substance and the hazard it posed.

33. As an alternative to the allegations in the preceding two paragraphs, at all material times Carnival through its crewmembers acting in furtherance of the vessel's business had actual knowledge of the presence of the hazardous wet or slippery substance on the glass stairs and the hazard it posed.

34. Notwithstanding the actual or constructive knowledge of Carnival and its crewmembers alleged above, Carnival's crewmembers on board the "HORIZON" responsible for maintenance of the vessel failed to detect or correct the hazardous condition on the glass stairs, by properly cleaning and drying the stairs, cordoning off the hazardous area, or other appropriate corrective action, before the Plaintiff slipped and fell as alleged in Paragraph 13 above.

35. Since the negligent acts and omissions of Carnival crewmembers described above were acts and omissions of Carnival crewmembers acting in furtherance of the vessel's business,

7
GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

maintenance of the vessel, Carnival is vicariously liable for these negligent acts and omissions by its crewmembers.

36. As a direct and proximate result of the negligence of Carnival crewmembers described above, for which Carnival is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14.

**WHEREFORE,** the Plaintiff demands judgment against Carnival for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT III - NEGLIGENT FAILURE TO WARN OF HAZARD
## (VICARIOUS LIABILITY)

37. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

38. At all material times Defendant Carnival owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for his safety.

39. At all material times Defendant Carnival was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers onboard the "HORIZON" while those crewmembers were acting or failing to act in furtherance of the business of the vessel.

40. At all material times there existed a hazardous condition on the glass stairs of the "HORIZON," to-wit: water or a wet or slippery transient substance on the glass stairs.

41. At all material times, the hazardous substance referred to in the preceding paragraph was in a high traffic area, the glass stairs of the vessel, regularly traversed by large numbers of passengers and crewmembers on board the vessel.

42. At all material times, the hazardous substance referred to above had existed for a long enough period of time that Carnival crewmembers responsible for maintenance on the vessel should have detected it, so that Carnival through crewmembers acting in furtherance of the vessel's business had constructive knowledge of the presence of the substance and the hazard it posed.

43. As an alternative to the allegations in the preceding paragraph, at all material times the hazard referred to above, a wet or slippery transient substance on the glass stairs, recurred so frequently and regularly, both on Carnival vessels in general and on the "HORIZON" in particular, that Carnival crewmembers responsible for maintenance on the vessel should have been alert to its potential presence and detected it during routine inspection and maintenance, so that Carnival through crewmembers acting in furtherance of the vessel's business had constructive knowledge of the presence of the substance and the hazard it posed.

44. As an alternative to the allegations in the preceding two paragraphs, at all material times Carnival through its crewmembers acting in furtherance of the vessel's business had actual knowledge of the presence of the hazardous wet or slippery substance on the glass stairs and the hazard it posed.

45. Notwithstanding the actual or constructive knowledge of Carnival and its crewmembers alleged above, Carnival crewmembers on board the "HORIZON" responsible for maintenance of the vessel failed adequately to warn passengers including the Plaintiff of the hazardous condition of the glass stairs, by appropriate signs, markings, written or oral warnings, or otherwise, before the Plaintiff slipped and fell as alleged in Paragraph 13 above.

46. Since the negligent acts and omissions of Carnival's crewmembers described above were acts and omissions of Carnival crewmembers acting in furtherance of the vessel's

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

business, maintenance of the vessel, Carnival is vicariously liable for these negligent acts and omissions by its crewmembers.

47. As a direct and proximate result of the negligence of Carnival crewmembers described above, for which Carnival is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14.

**WHEREFORE,** the Plaintiff demands judgment against Carnival for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 29th day of April 2020

*s/PHILIP M. GERSON*
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
cbenedi@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:   (305) 371-6000
Facsimile:   (305) 371-5749
*Attorneys for Plaintiffs*