United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Donnie Holland, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-21789-Civ-Scola |
| | ) |
| Carnival Corporation, Defendant. | ) |

**Order on Motion to Dismiss**

Now before the Court is Defendant Carnival Corporation's motion to dismiss Plaintiff Donnie Holland's amended complaint. For the reasons stated below, the Court **grants** the Defendant's motion. (**ECF No. 20**.)

1. **Background**

The Plaintiff was a passenger on the *Carnival Horizon*. (ECF No. 18, at ¶ 12.) On May 11, 2019, while descending glass stairs from deck 5 to deck 4, the Plaintiff claims to have slipped on a "wet or slippery transient foreign substance" which caused injury to the Plaintiff, including "a complete rupture of the right knee patella tendon and an avulsion fracture of the tibial tubercle necessitating open surgical repair and excessive physical therapy." (ECF No. 18, at ¶ 13.)

The Plaintiff claims that Carnival was on actual or constructive notice of the "wet or slippery transient foreign substance" because the glass stairs where the Plaintiff slipped are one of the most highly trafficked areas of the ship which are flanked by shops that had been staffed for "four hours or more" by dozens of employees who have unobstructed views of the stairs. (ECF No. 18, at ¶ 14.) The Plaintiff also states the stairs in question are between a casino on deck 4 and "approximately 6 different bars and dining areas" on deck 5. (ECF No. 18, at ¶ 14.) Moreover, the Plaintiff states that Carnival was on notice of the danger posed to the Plaintiff by the stairs in question due to "frequent[] spills on the staircase, a fact that Carnival is aware of due to the frequent nature of prior slip and fall incidents on this staircase." (ECF No. 18, at ¶ 14.) Finally, the Plaintiff states that because of the "high traffic nature of this staircase . . . a number of safety agencies" have promulgated regulations relating to the stairs, which "constitute[s] constructive notice that conditions in violation of the standards are hazardous." (ECF No. 18, at ¶ 15.)

As a result of the Plaintiff's slip and fall upon the *Carnival Horizon*, the Plaintiff asserts two counts of negligence against Carnival, Count I seeking

relief for Negligent Maintenance and Count II seeking relief for Negligent Failure to Warn.

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Federal Rule of Civil Procedure 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.*

In applying the Supreme Court's directives in *Twombly* and *Iqbal*, the Eleventh Circuit has provided the following guidance to the district courts:

> In considering a motion to dismiss, a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Further, courts may infer from the factual allegations in the complaint obvious alternative explanation[s], which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.

*Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (citations omitted). "This is a stricter standard than the Supreme Court described in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which held that a complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mukamal v. Bakes*, 378 F. App'x 890, 896 (11th Cir. 2010). These precepts apply to all civil actions, regardless of the cause of action alleged. *Kivisto*, 413 F. App'x at 138.

### 3. Analysis

To plead negligence, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014). The duty of care owed by a cruise operator to its passengers is ordinary reasonable care under the circumstances, "which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition." *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989); *Thomas v. NCL (Bahamas), Ltd.*, 203 F.Supp.3d 1189, 1192 (S.D. Fla. 2016) (Williams, J.). A defendant can be deemed to be on actual notice where the "defendant knows of the risk creating condition" and on constructive notice "when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Bujarski v. NCL (Bahamas) Ltd.*, 209 F. Supp. 3d 1248, 1250-51 (S.D. Fla. 2016) (Otazo-Reyes, Mag. J.).

While the Plaintiff claims his complaint sets forth sufficient facts for the Court to find that Carnival was on actual or constructive notice of the hazardous condition which caused the Plaintiff to fall, from a review of the complaint and taking the Plaintiff's allegations in the light most favorable to the Plaintiff, the Court finds that the Plaintiff has failed to allege that Carnival was on either actual or constructive notice of the hazard in question. In support of his contention that Carnival was on actual or constructive notice, the Plaintiff states that Carnival must have been aware of the danger on its ship because of "the frequent nature of prior slip and fall incidents on the staircase" or alternatively because the stairs in question were in a highly trafficked area; near shops, a casino and dining areas; and because Carnival employees were manning nearby shops for at least four hours with an unobstructed view of the stairs. The Plaintiff also suggests that compliance with industry regulations show Carnival was on notice that the stairs in question posed a danger to the Plaintiff. None of the Plaintiff's allegations suggest Carnival was on constructive notice, let alone actual notice, of the hazard on the stairs in question.

The Court first finds that the Plaintiff's assertion of prior slip and fall incidents is conclusory and therefore insufficient to establish that Carnival was on notice of the hazard which caused injury to Plaintiff. In his complaint, the Plaintiff provides no facts at all in support of his claim that there are "frequent . . . slip and fall accidents on this staircase." (ECF No. 18, at ¶ 14.) Therefore, this allegation fails to establish that Carnival was on constructive notice. *See*

*Prather v. NCL Bahamas Ltd.*, No. 19-21832-Civ, 2020 WL 4501809, at *4 (S.D. Fla. June 19, 2020) (Louis, Mag, J.) ("a plaintiff can establish constructive notice by . . . submitting evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior incident."), *report and recommendation adopted*, 2020 WL 4381412 (S.D. Fla. July 31, 2020) (Moreno, J.); *see also Navarro v. Carnival Corp.*, No. 19-21072-Civ, 2020 WL 1307185, at *3 (S.D. Fla. March 19, 2020) (Moreno, J.) (discussing cases granting motions to dismiss where there were no allegations of prior incidents or injuries).

      The Plaintiff's allegations that the stairs in question were in a high traffic area similarly fail. As currently alleged, the Plaintiff "mistakenly conflates foreseeability with actual or constructive notice." *Navarro*, 2020 WL 1307185, at *3 (S.D. Fla. March 19, 2020) (Moreno, J.). As the Court suggested in *Navarro*, the fact that an event is foreseeable, i.e. that a "wet or slippery transient foreign substance" could end up on a highly trafficked staircase near shops and dining areas is foreseeable, but that does not mean Carnival was on actual or constructive notice of that condition. While constructive notice can be plead by showing a condition existed for a long enough period of time that the shipowner must have known of the danger, the Plaintiff provides no factual allegations at all to support a conclusion that Carnival *should have known* of the "wet or slippery transient foreign substance" on the stairs between deck 4 and 5. The totality of Plaintiff's allegations is that certain of the Defendant's employees may have been in a position to see that there was a liquid on the stairs in question and the stairs are in a high traffic area of the ship. As plead, it is impossible for the Court to tell if the hazardous condition the Plaintiff complains of was present for five second, five minutes, or five hours. While the Plaintiff's complaint makes clear it is *possible* that Carnival was on notice, the Plaintiff's complaint does not state a claim that is *plausible* on its face sufficient to survive a motion to dismiss. *See Road Space Media, LLC v. Miami Dade Cty.*, No. 19-21971-Civ, 2020 WL 434929, at *4 (S.D. Fla. Jan. 28, 2020) (Scola, J.).

      Finally, the Plaintiff alleges that the Defendant's staircase had to comply with certain safety regulations and those regulations "in and of themselves constitute constructive notice that conditions in violation of the standards are hazardous." (ECF No. 18, at ¶ 15.) The Court fails to see how industry regulations are at all germane to whether or not the Defendant was on notice of a "wet or slippery transient foreign substance" on a staircase of the Defendant's vessel. The Plaintiff fails to point the Court to a single case suggesting industry

regulations are sufficient to put a cruise line Defendant on notice of an allegedly dangerous condition in a case such as this.

In light of the above, the Court finds that the Plaintiff has failed to allege that Carnival was on actual or constructive notice of the "wet or slippery transient foreign substance" on the stairs between decks 4 and 5 on the Defendant's ship. Accordingly, the Court finds that both of the Plaintiff's claims against the Defendant fail. Allowing the Plaintiff's claim to proceed as alleged would endorse a "'general foreseeability theory of liability'—a theory that has been 'roundly rejected by federal courts because it would essentially convert a carrier into an insurer of passenger safety." *Navarro*, 2020 WL 1307185, at *4 (internal citations omitted).

### 4. Conclusion

In sum, the Court **grants** the Defendant Carnival's motion to dismiss. (**ECF No. 20**.) The **Clerk** is directed to **close** this case. All pending motions, if any, are **denied as moot**.

**Done and ordered**, in chambers at Miami, Florida, on January 11, 2020.

_____
Robert N. Scola, Jr.
United States District Judge